MARY CLARK, Respondent, v. PLEASANT PORTER, Appellant.

| 77 103 |
| s162s 516 |

St. Louis Court of Appeals, November 29, 1898.

**Jurisdiction**: IMPAIRMENT OF OBLIGATION OF CONTRACTS: CONSTITUTIONAL QUESTION. The contentions made by the parties in the case at bar necessarily involve a construction of the constitution of the United States prohibiting the impairment of contracts; hence, this court has no appellate jurisdiction of this cause. Under the law the decision of this question is exclusively vested in the supreme court, to which tribunal the appeal herein should have been taken.

*Appeal from the St. Louis City Circuit Court.*—HON. SELDON P. SPENCER, Judge.

TRANSFERRED TO THE SUPREME COURT.

W. P. LAREW for respondent.

"Section 22, Article 5, of the constitution of the state of Arkansas 1868, is in force by virtue of the first

clause of section 1, schedule to the constitution of Arkansas, 1874. Dyer v. Gill, 32 Ark. 410; Shinn v. Tucker, 33 Ark. 421; Lindsay v. Norrill, 36 Ark. 545; Cass v. Dillon, 2 Ohio St. 607; Cooley Const. Lim. [5 Ed.], pp. 70, 71. If the act of the Arkansas legislature of April 9, 1891, was a law in force on May 1, 1891, it was not operative in this case for the reason that if plaintiff was an innocent purchaser of the original notes, for value, and if the notes sued on were renewals of the said original notes, they would be held in like manner as the original notes and to apply to the law of April 9, 1891, to such contract made in November, 1890, would be to impair the obligation of contracts, which would be a violation of the constitution of the United States. Black on Const., pro. sec. 102; Story on Const., sec. 1385; Green v. Biddle, 8 Wheat. 346; Article 1, sec. 10, const. U. S.; 33 L. A. R., p. 556. One who purchases a negotiable note for value before maturity does not owe the maker the duty of making active inquiry into the origin or consideration of the note before purchasing same. See Clark v. Evans, 13 C. C. A. Rep. 433. The law is well settled that a party who takes negotiable paper before due, for value, without knowledge of any defect of title can hold it against all the world. King v. Doane, 139 U. S. 166, and other cases cited in Clark v. Evans. There was no evidence upon which to base the instructions given by the court. This court has jurisdiction. 67 Mo. App. 628; 5 Peters (U. S. Sup. Ct.), p. 179; 10 Am. and Eng. Ency. Law, p. 441. The burden of proof lies on the person who assails the right claimed by the party in possession of a note. Clark v. Evans, 13 C. C. A. Rep. 433. It is a question whether the notes of May 1, 1891, were ever given for stock and whether the consideration for them is not the surrender of the old notes.

CHARLES B. STUART and ADIEL SHERWOOD for appellant.

The judgment of the lower court should be reversed for the following reasons: *First.* Because the undisputed evidence shows that the notes sued upon were given for an interest in a patent right. Mansfield's Digest of Ark., p. 315, secs. 492, 493; Clark v. Evans, 40 S. W. Rep. 771. * * * *Second.* Because the petition declares upon two separate counts and the verdict is general. State v. Bedell, 35 Mo. App. 551; Bricker v. Railway, 83 Mo. 391. *Third.* Because plaintiff was not a purchaser for value.

BOND, J.—This suit is to recover upon two notes each for $500, and dated May 1, 1891, due respectively in eighteen and twenty-four months after date. The notes are *fac similies*, except as to date and maturity, of the one set out in Clark v. Barnes, 58 Mo. App. 667. The evidence in that case and the one at bar does not differ materially except as to that adduced in support of an additional defense interposed in this case to those made in the former, which additional defense is made by pleading and proving the following act of the legislature of Arkansas, passed April 9, 1891:

"Section 492. Nothing in the preceding section shall apply to a bill of exchange or negotiable note, transferred in good faith and for value before maturity, but such instrument shall be governed by the rules of the law merchant concerning commercial and negotiable paper. Provided, the payer and drawer in all notes, drafts and bills of exchange executed or drawn in payment of any patent right or patent right territory shall be permitted to make all defenses against any assignee, indorser, holder or purchaser of such note, draft or bill of exchange that could have been made

against the original payee or drawer whether such note, draft or bill of exchange be assigned or transferred before maturity or not."

"Section 493. Any vendor of any patent right machine, implement, substance or instrument of any kind, or character whatsoever, when the said vendor of the same effects the sale of the same to any citizen of this state on a credit, and takes any character of negotiable instrument, in payment of the same, the said negotiable instrument shall be executed on a printed form, and show upon its face that it was executed in consideration of a patent machine, implement, substance or instrument, as the case may be, and no person shall be considered an innocent holder of the same, though he may have given value for the same before maturity, and the maker thereof may make defense to the collection of the same in the hands of any holder of said negotiable instrument, and all of such notes not showing on their face for what they were given shall be absolutely void."

Defendant further alleges that the notes in suit were given for the purchase of a patent right and certain patent right territory, and were purchased by fraudulent and false statements. The reply took issue and averred that the notes were given not for a patent right or patent right territory, but in consideration of a compromise of certain business matters between defendant and plaintiff's assignor, the original payee of the notes. There was a judgment for plaintiff, and defendant appealed.

If the consideration of the original notes shown by the evidence to have been exchanged for those in suit was the only consideration of the notes in suit, then the Arkansas statute, passed April 9, 1891, rendering notes given for patent right or patent right territory open to all defenses which the payer might make

against the original payee, could not be pleaded, for the reason that it was passed long subsequent to the transaction out of which the notes in suit arose, and if permitted to avail against them would impair the obligation of the contract for which they were given. On the other hand, if the notes in suit did not retrospectively embrace a contract for the purchase of a patent right made before the act in question, but merely evidenced a new agreement for the purchase of a patent right made on the date of the notes, then the statute could be pleaded to an action on them. Appellant insisted that the undisputed evidence shows that the notes in suit were based upon the latter consideration only, which is denied by respondent. The applicability of the Arkansas statute is pleaded in appellant's answer and embraced in his refused instruction. The contentions thus made necessarily involve a construction of the constitution of the United States prohibiting the impairment of the obligation of contracts. This question was raised in the pleadings and instruction of the trial court and is in the record before us, hence we have no appellate jurisdiction of this cause, however clear our opinion may be as to the merits of the point in controversy. Under the law the decision of this question is exclusively vested in the supreme court, to which tribunal the appeal herein should have been taken. The cause will therefore be transferred to the supreme court, as provided in section 3300 of the Revised Statutes of 1889. All concur.